UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANICE D. GREEN, as guardian of GLADYS I. GREEN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-CV-0231-CVE-PJC |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. # 15) and/or for Summary Judgment (Dkt. # 18), and the United States' Motion for Sanctions and Memorandum of Law in Support (Dkt. # 19).

**I.**

Janice D. Green, as guardian of Gladys I. Green, filed this tax refund suit against the United States on April 20, 2007. Gladys I. Green was married to Robert C. Green until his death on July 14, 1980. Through her guardian, Gladys I. Green alleges that the Internal Revenue Service ("IRS") sought over $800,000 in estate taxes from the Estate of Robert C. Green ("the Estate") following his death, and she characterizes the IRS' attempts to collect estate taxes as "unauthorized and illegal." Dkt. # 2, at 2. Plaintiff also claims that the IRS illegally sold property belonging solely to Gladys I. Green, and plaintiff alleges that this constituted an illegal seizure of Gladys I. Green's property under the Fourth Amendment. However, this is not plaintiff's or Gladys I. Green's first lawsuit against the United States alleging that the IRS engaged in misconduct during the collection of taxes from the Estate. Some background about the prior lawsuits is necessary to fully understand defendant's motions.

Robert C. Green's will named Gladys I. Green as the sole beneficiary of the Estate. The will was probated in the District Court of Beckham County, Oklahoma, in a case styled <u>In the Matter of the Estate of Robert C. Green</u>, No. P-80-130 (Dist. Ct. of Beckham County), and Robert G. Green, the son of Robert C. Green and Gladys I. Green, was appointed administrator of the Estate.[1] The Estate filed an estate tax return in March 1982 reporting that it owed $75,798 in estate taxes, but the IRS subsequently assessed additional estate taxes of $83,422 in April 1985. The Estate failed to pay any of the outstanding estate taxes, and the IRS filed a collection action against the Estate in the Western District of Oklahoma. <u>United States v. Estate of Green</u>, No. 88-334-A (W.D. Okla.). The Estate, represented by Robert G. Green, confessed judgment in the amount of $480,587.67, which included unpaid estate taxes, penalties, and interest through January 31, 1988.[2] Dkt. # 17, Ex. D.

The IRS filed its judgment against the Estate in the District Court for Beckham County on May 9, 1989. <u>Id</u>., Ex. E, at 6. The probate court removed Robert G. Green as the administrator and appointed a new administrator, LeRoy Boyer ("Boyer"), in 1994. As the sole beneficiary of the Estate, Gladys I. Green received notice of filings in the probate court and actions taken by the probate court concerning the administration of the Estate, and she admits that she was aware of the IRS' judgment against the Estate. <u>Id</u>., Ex. I, at 3. On July 22, 1996, the probate court entered a final decree naming heirs and distributing assets of the Estate, and no objections to the distribution of assets were filed in the probate court. <u>Id</u>., Ex. E. After the administrator's fee and attorney fees were paid, the Estate had $713,292.73 in assets. The probate court ordered that the entire sum be

---

[1] Robert G. Green is a licensed attorney in the state of Oklahoma, and is counsel for plaintiff in this case.

[2] During that case, the district judge sanctioned Robert G. Green personally for "recalcitrant misconduct by defendants during discovery." <u>Id</u>. Ex. G.

2

paid to the IRS for satisfaction of its judgment for estate taxes obtained in the Western District of Oklahoma.  Gladys I. Green claims that she sent a "protest letter" to the IRS on April 17, 1996 alleging that her rights under the taxpayer's bill of rights were violated by the IRS' collection procedures.[3]  Dkt. # 25, at 5.

In April 2000, Janice D. Green, plaintiff's daughter and plaintiff herein, submitted a request for information to the IRS under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  The IRS complied with her request, and produced over 2,300 pages of documents related to its efforts to collect taxes from the Estate.  Gladys I. Green claims that these documents put her on notice for the first time that she had claims against the IRS related to the payment of estate taxes.  Dkt. # 25, at 10.  On November 25, 2002, over two years after the IRS responded to plaintiff's FOIA request, Gladys I. Green filed a lawsuit in the Western District of Oklahoma against the United States alleging claims under 26 U.S.C. §§ 7426 (wrongful levy), 7431 (unauthorized disclosure), 7432 (failure to release lien) and 7433 (unauthorized collection activity).  Gladys I. Green v. United States of America, No. 02-1670C (W.D. Okla.) ("Green I").  In addition, she filed a claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that the IRS seized her property in violation of the Fourth Amendment.

The United States filed a motion to dismiss Green I for lack of subject matter jurisdiction and failure to state a claim.[4]  Gladys I. Green conceded that her claim under Bivens could not survive

---

[3]  Plaintiff treats the protest letter as an informal claim for tax refund and asserts that the IRS has not responded to her refund claim.  However, she has not attached a copy of the protest letter to her response, and the Court has no way to verify the contents of this letter.

[4]  The government's motion requested the dismissal of all claims except for plaintiff's claim under 26 U.S.C. § 7426.

3

a motion to dismiss for failure to state a claim, and the court dismissed that claim with prejudice. Dkt. # 17, Ex. J, at 1. Her claims under 26 U.S.C. §§ 7431, 7432, and 7433 were dismissed for lack of standing, because she was not the "taxpayer" from whom the subject estate taxes were collected.[5] Id. at 3-6. Gladys I. Green filed an amended complaint asserting claims under Bivens and 26 U.S.C. § 7426 for wrongful levy. After discovery was completed, the United States filed a motion for summary judgment, arguing that it never served a levy against the Estate or obtained any funds through a levy. Plaintiff failed to respond to the motion for summary judgment, and the court granted the government's motion. Plaintiff filed a motion for relief from the court's judgment, arguing that her attorney, Robert G. Green, suffered from significant health problems when her response was due. Id., Ex. M, at 2. She claimed that she intended to file a motion for voluntary dismissal under Fed. R. Civ. P. 41(a) instead of a response to the government's motion for summary judgment. The court construed her post-judgment motion as a motion for voluntary dismissal under Rule 41(a) and dismissed the case without prejudice, but warned plaintiff that the court would consider taxing costs against her if she unsuccessfully attempted to relitigate her claims against the United States.

Through her guardian, plaintiff refiled her lawsuit against the United States on September 9, 2005 reasserting her claims under § 7426 and Bivens. Janice D. Green, as guardian of Gladys I. Green v. United States, No. CIV-05-1052-C (W.D. Okla.) ("Green II"). The government filed a motion to dismiss the complaint, but the court construed the motion as one for summary judgment. The court found that the statute of limitations had expired on plaintiff's claim for wrongful levy, and

---

[5] The Western District of Oklahoma found that plaintiff also alleged a claim under 26 U.S.C. § 7430 but, since her complaint contained no factual allegations in support of such a claim, it was dismissed for failure to state a claim. Id. at 1.

4

entered judgment in favor of the United States on plaintiff's claim.[6] Id., Ex. O, at 5. The court also imposed costs against plaintiff under Fed. R. Civ. P. 41(d).

On April 20, 2007, plaintiff filed the instant case against the United States seeking a tax refund under 26 U.S.C. § 7422. The complaint contains many of the same allegations as the complaints in Green I and Green II, except that it does not contain any reference to a tax levy. The government has filed a motion to dismiss for lack of subject matter jurisdiction, asserting that plaintiff is not the proper party to bring this lawsuit and, even if she were, she has not filed an administrative refund claim with the IRS. Plaintiff responds that she has filed an informal claim for refund to which the IRS has not responded, and she has complied with the jurisdictional requirements for filing a refund claim against the IRS. The complaint alleges that the IRS engaged in misconduct in its efforts to collect taxes from the Estate and that IRS intentionally concealed its misconduct from plaintiff.[7] She relies on these allegations to support her contention that the statute of limitations should be equitably tolled, arguing that she was not aware of the facts giving rise to her claim due to defendant's actions.

## II.

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Court must determine whether the defendant is facially attacking the complaint or challenging the jurisdictional

---

[6] The court in Green II did not clearly state how it disposed of plaintiff's Fourth Amendment claim but, since the court entered judgment against plaintiff on all claims, it is clear that plaintiff was not permitted to proceed with her Fourth Amendment claim in Green II.

[7] Plaintiff asserts that the IRS had Robert G. Green removed as the Estate administrator and had an IRS employee, Boyer, appointed as the administrator. She claims that Boyer manipulated IRS computer files to extend the time for collection of taxes from the Estate. According to plaintiff, the IRS would not have been able to collect estate taxes from the Estate in 1996 if Boyer had not altered her file.

5

facts alleged by the plaintiff. In <u>Holt v. United States</u>, 46 F.3d 1000 (10th Cir. 1995), the Tenth Circuit stated:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. . . . In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

<u>Id</u>. at 1002-03. The United States challenges the facts alleged in plaintiff's complaint and, therefore, the Court may not presume the truth of plaintiff's factual allegations. When ruling on a factual attack to the complaint, a court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting the motion into a motion for summary judgment. <u>Stuart v. Colorado Interstate Gas Co.</u>, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting <u>Holt</u>, 46 F.3d at 1003).

The United States has styled its motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(1) or, in the alternative, a motion for summary judgment under Fed. R. Civ. P. 56. As noted above, "reliance on evidence outside the pleadings in addressing such a motion does not, as a general rule, convert the motion to one for summary judgment under Fed. R. Civ. P. 56." <u>Sizova v. Nat'l Inst. of Standards and Technology</u>, 282 F.3d 1320, 1324 (10th Cir. 2002). The general rule applied in the Tenth Circuit is that Rule 12(b)(1) motions should not be treated as motions for summary judgment under Rule 56 unless the merits of the case are intertwined with the jurisdictional allegations. <u>Sizova</u>, 282 F.3d at 1324; <u>Redmon v. United States</u>, 934 F.2d 1151, 1155 (10th Cir.

1991); Wheeler v. Hurdman, 825 F.2d 257, 259 (10th Cir. 1987). "When subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case, the jurisdictional claim and the merits are considered to be intertwined." Jencks v. Modern Woodmen of America, 479 F.3d 1261, 1263 n.2 (10th Cir. 2007) (quoting Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 978 (10th Cir. 2002)). Even if the substantive claim and the jurisdictional question arise out of the same statute, a court should not convert a motion under 12(b)(1) into a motion for summary judgment unless "the jurisdictional question requires resolution of an aspect of the substantive claim." Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir. 2003) (quoting Sizova, 282 F.3d at 1324)).

The jurisdictional issue is not intertwined with the merits of the lawsuit, because the resolution of jurisdictional issues does not require the Court to consider any aspect of plaintiff's substantive claim. The key issue, whether plaintiff has filed a timely administrative claim, is akin to the doctrine of exhaustion of administrative remedies, and exhaustion "is simply not an aspect of [a] substantive claim." Id. at 1296. Therefore, the Court will resolve defendant's motion under Rule 12(b)(1) rather than Rule 56.

**III.**

The United States asserts that the Court lacks subject matter jurisdiction over plaintiff's tax refund claim because she has not filed an administrative refund claim.[8] Plaintiff asserts that she

---

[8]   The government also seeks dismissal of plaintiff's Bivens claim under the doctrine of res judicata, because that claim was dismissed with prejudice by the Western District of Oklahoma in Green I. However, it is clear that the Court lacks subject matter jurisdiction over plaintiff's Bivens claim, and the Court will dispose of it on that basis. The Supreme Court has held that a Bivens claim lies against a federal actor only, but such claims may not filed against a federal agency directly. FDIC v. Meyer, 510 U.S. 471 (1994). Therefore, plaintiff is prohibited from filing a Bivens claim against the IRS or the United States directly, and this claim should be dismissed.

7

wrote a "protest letter" to the IRS on April 17, 1996, and the letter should be treated as an informal refund claim.[9] She further argues that the IRS has not responded to her letter and the statute of limitations on her refund claim has not commenced. Dkt. # 25, at 12. However, she has not attached a copy of the letter to her response.[10]

The Supreme Court has established two firm requirements that a plaintiff must satisfy to proceed with a refund claim under § 7422. First, a taxpayer must fully pay his or her tax liability before filing a refund claim. Flora v. United States, 362 U.S. 145, 150 (1960); Mires v. United States, 466 F.3d 1208, 1212 (10th Cir. 2006). Second, a taxpayer must file a timely administrative refund claim with the IRS before bringing a refund claim in federal district court, and the IRS must have denied the claim or allowed six months to pass without taking any action on the claim. 26 U.S.C. §§ 6532(a)(1), 7422; Dalm v. United States, 494 U.S. 596, 608-09 (1990); Angle v. United States, 996 F.2d 252, 253 (10th Cir. 1993). The administrative claim must clearly identify all grounds for relief and it must comply with the implementing regulations promulgated by the Department of the Treasury. True v. United States, 190 F.3d 1165, 1171 (10th Cir. 1999); Angle, 996 F.2d at 253-54; In re Graham, 981 F.2d 1135, 1138 (10th Cir. 1992). To be timely, an

---

[9] The government has provided a copy of a letter from Janice D. Green to the IRS dated April 20, 2001. In the letter, Janice Green argues that the IRS wrongfully assessed taxes against the Estate, and payment of the estate taxes crippled her mother's finances. Dkt. # 17, Ex. B. However, there is no evidence that Janice D. Green was her mother's guardian at the time. The Supreme Court has held that a "taxpayer" must file an administrative refund claim to initiate a refund claim. United States v. Williams, 514 U.S. 527 (1995). Even if the Court were to treat Gladys I. Green as a taxpayer, it is clear that Janice D. Green was not "subject to" estate taxes and her letter was insufficient to satisfy the jurisdictional requirement for a refund claim on behalf of Gladys I. Green.

[10] Plaintiff does not refer to the April 17, 1996 letter in her complaint, but only in her response to the motion to dismiss. Pursuant to LCvR 7.2(j), "[f]actual statements . . . appearing only in the brief shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court."

8

administrative claim must be filed within "3 years from the time the return was filed or 2 years from the time the tax was paid."  26 U.S.C. § 6511(a)(1).

In this case, plaintiff alleges that an "administrative claim under [26 U.S.C. § 7433] has been timely filed" and the IRS has yet to respond to her claim.  Dkt. # 2, at 2.  Plaintiff has not provided a copy of her protest letter, and the Court has no way to determine what grounds for relief plaintiff raised in her informal letter or if the informal letter complies with applicable regulations.[11]  Without evidence that plaintiff has filed a timely administrative claim satisfying regulatory requirements, the Court would simply be speculating if it found that it had subject matter jurisdiction over plaintiff's claim.  When ruling an a Rule 12(b)(1) motion challenging the jurisdictional facts, the Court may not presume that the allegations of the complaint are true and plaintiff must support her jurisdictional claims with evidence.  Holt, 46 F.3d at 1002-03.  Plaintiff has not satisfied her burden to support her jurisdictional allegations, and her tax refund claim should be dismissed for lack of subject matter jurisdiction.  Even if the Court were to treat the allegations of the complaint as true, plaintiff's refund claim should still be dismissed for lack of subject matter jurisdiction.  In her complaint, plaintiff alleges that she filed an administrative claim under § 7433, but she makes no allegation that

---

[11]   Gladys I. Green alleges that she qualifies as a taxpayer even though the Estate, not Gladys I. Green, paid the contested estate taxes.  She cites United States v. Williams, 514 U.S. 527 (1995), as a basis for standing.  Williams recognized a limited circumstance when a person not directly responsible for a tax could file a refund claim because, in Williams, a wife paid her husband's taxes after the IRS levied against her personal property.  Id. at 539-40.  However, the Supreme Court made clear that it intended for Williams to be construed narrowly, and it was not authorizing a "host of third-party challenges" to tax assessments.  Id. at 540.  In this case, the Estate was the taxpayer, and only the Estate administrator had authority to file a refund claim on behalf of the Estate.  As the beneficiary of the Estate, Gladys I. Green may have had some interest in the Estate's property, but she did not personally pay any taxes on behalf of the Estate.  Therefore, she is not deemed a taxpayer under Williams, and she lacks standing to pursue a refund claim for taxes paid by the Estate.

she filed an administrative claim for refund under § 7422.[12] Dkt. # 2, at 2. Section 7433 provides civil damages for unauthorized collection activities but, unlike § 7422, it is not concerned with the overpayment of taxes. Even if plaintiff had filed an administrative claim under § 7433, this would not provide a basis for subject matter jurisdiction over plaintiff's claim for a tax refund under § 7422.

Defendant seeks dismissal of plaintiff's claim with prejudice, because the statute of limitations to file an administrative claim has expired and plaintiff can not cure the jurisdictional deficiency. The Tenth Circuit has recently held that a dismissal for lack of subject matter jurisdiction should always be without prejudice. Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216-17 (10th Cir. 2006). A dismissal with prejudice has the effect of a judgment on the merits and, when a federal court lacks subject matter jurisdiction, it may not dispose of a case on the merits. Id. at 1217 ("once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim"). Therefore, the Court's dismissal of plaintiff's tax refund claim must be a dismissal without prejudice.

## IV.

Defendant asks the Court to sanction plaintiff and her attorney for filing a frivolous lawsuit, because the jurisdictional flaws were so apparent that no reasonable person or attorney would have filed a tax refund claim under the circumstances. Defendant argues that this same lawsuit has been filed twice before in the Western District of Oklahoma, and plaintiff has simply refiled the same

---

[12] It appears that language from the complaints in Green I and Green II were copied into the complaint in this case. Dkt. # 17, Exs. K, N. While Gladys I. Green did include a § 7433 claim in her original complaint in Green I, this claim was dismissed because plaintiff was not the "taxpayer" subject to wrongful collection activity. Id., Ex. J, at 5. Plaintiff has simply refiled the same complaint without regard to the relevance or accuracy of her allegations, and the Court will consider this as a factor when ruling on defendant's motion for sanctions.

10

complaint in this case without making any attempt to correct jurisdictional defects identified in Green I and Green II. Plaintiff responds that this case is different, because this is the first time she has filed a refund claim pursuant to § 7422. As required by Rule 11, defendant has provided plaintiff a "safe harbor" by giving her an opportunity to withdraw her complaint, and plaintiff chose not to dismiss her lawsuit.[13] Dkt. # 19, at 11-12.

> Rule 11 provides that anyone who signs a pleading or motion must:
>
> certif[y] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The Tenth Circuit has adopted an objective standard to determine if an attorney's actions justify sanctions under Rule 11. White v. General Motors Corp., Inc., 908 F.2d 675, 680 (10th Cir. 1990). The Court must consider whether "a reasonable and competent attorney

---

[13] Although neither party has addressed the procedural requirements of Rule 11 in detail, the Court has independently considered the issue and finds that defendant has followed the proper procedures. First, defendant raised its request for sanctions in a separate motion as required by Rule 11. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion . . . ."). Second, the motion for sanctions was sufficiently specific to put plaintiff's counsel on notice of the conduct allegedly violating Rule 11. Id.; Hutchinson v. Hahn, 2007 WL 2572224, *6 (N.D. Okla. Sept. 4, 2007). Lastly, defendant represented in its motion for sanctions that it served its motion on plaintiff at least 21 days before filing the motion with the Court, and plaintiff has not challenged defendant's representation. Fed. R. Civ. P. 11(c)(2).

11

would believe in the merit of an argument." Dodd Ins. Servs., Inc. v. Royal Ins. Co. of America, 935 F.2d 1152, 1155 (10th Cir. 1991). If a competent attorney could not have formed a reasonable belief that a claim is "well grounded in fact and is warranted by existing law, then such conduct is sanctionable under Rule 11."[14] Adamson v. Bowen, 855 F.2d 668, 673 (10th Cir. 1988).

Plaintiff argues that her tax refund claim is "factually and legally sound," because the IRS collected estate taxes after the Estate's tax liabilities were uncollectable under the statute of limitations. She cites 26 U.S.C. § 6401, which provides that the "term 'overpayment' includes that part of the payment of any internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto." She argues that her claim for a tax refund is a "new and separate basis which is neither frivolous nor unauthorized." Dkt. # 26, at 2. In response to defendant's argument that the statute of limitations expired approximately ten years ago, plaintiff argues that the statute of limitations was equitably tolled by the IRS' intentional concealment of facts giving rise to her claims. However, plaintiff makes no attempt to address the jurisdictional deficiencies identified by the Western District of Oklahoma in Green I and Green II.

In this case, plaintiff refiled a complaint, with minor changes, that had been dismissed by the Western District of Oklahoma on two previous occasions. The complaint is almost identical to her pleadings in Green I and Green II, and most of the allegations are simply copied from a previous pleading. Plaintiff claims that this case is different, because she is alleging a tax refund claim that was not alleged in Green I or Green II. However, her attorney included allegations from previous complaints that have no relevance to a tax refund claim and made no attempt to correct obvious jurisdictional deficiencies noted in both previous cases. In Green II and this case, plaintiff refiled

---

[14] It is worth noting that the attorney who filed this case, Robert G. Green (son of Gladys I. Green), was attorney of record in Green I and Green II and the original administrator of the Estate.

12

a <u>Bivens</u> claim against the United States alleging an illegal seizure under the Fourth Amendment even though this claim was dismissed with prejudice in <u>Green I</u>. It is clear that plaintiff's counsel simply refiled a previously dismissed lawsuit with little thought to the allegations of the complaint or the jurisdictional deficiencies of plaintiff's claims.

The Court finds that plaintiff's counsel has violated Rule 11 by filing a frivolous lawsuit. Regardless of the merits of plaintiff's tax refund claim, defendant is correct that plaintiff and her attorney have ignored obvious jurisdictional problems with plaintiff's case. At various times, the Western District of Oklahoma dismissed plaintiff's claims for lack of standing, lack of subject matter jurisdiction, and expiration of the statute of limitations. Rather than correct any of these obvious deficiencies, plaintiff simply refiled the same complaint in this Court with a different statutory claim. The complaint restated plaintiff's previous and now irrelevant allegation that she filed an administrative claim under § 7433, but this clearly does not provide jurisdiction for a wholly separate claim under § 7422. Plaintiff also refiled a <u>Bivens</u> claim with no merit that had previously been dismissed with prejudice in <u>Green I</u>. At a minimum, these actions collectively show extreme carelessness by plaintiff's counsel, and it is clear that plaintiff's counsel did not conduct a reasonable inquiry before filing this lawsuit. Given the obvious jurisdictional deficiencies with plaintiff's case, it would be a reasonable to infer that plaintiff and her counsel are attempting to harass the government over disputed estate taxes. Plaintiff's counsel may personally believe in the merits of plaintiff's claims but, under an objective standard, this is irrelevant. It is clear that plaintiff's counsel has violated Rule 11 by filing an objectively frivolous lawsuit, and some type of sanction is warranted.

Under Rule 11, a court's power to sanction a litigant is not unlimited but, once a court finds that a Rule 11 violation has occurred, it must impose a sanction. <u>Eisenberg v. University of New</u>

13

Mexico, 936 F.2d 1131, 1136 (10th Cir. 1991) ("Once a court finds a Rule 11 violation it must impose some form of sanction."). Rule 11 provides:

> (4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4). Sanctions under Rule 11 should be imposed with the purpose of "(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." White, 908 F.2d at 683. A court should impose the "least severe sanction adequate to deter and punish the plaintiff." Id. at 684.

The United States requests that the Court impose five separate sanctions against plaintiff and/or her attorney for filing a frivolous lawsuit. Defendant asks the Court to (1) dismiss the complaint with prejudice; (2) enjoin Robert G. Green from filing any future lawsuit in this Court based upon the same factual or legal basis; (3) require Robert G. Green to notify any other court of this Court's sanction order if he should file a similar lawsuit in another court; (4) impose a monetary sanction against Robert G. Green for filing a frivolous lawsuit; and (5) order plaintiff to pay defendant's attorney fees and costs for defending against this lawsuit. Dkt. # 19, at 11. When selecting a sanction, the Court must consider the four factors enumerated in White and apply the least severe sanction necessary to deter present and future litigation abuses. Dodd, 935 F.2d at 1159. Although neither party has addressed the White factors, the Court must apply the White factors before imposing a sanction.

Applying the White factors, the finds that a serious sanction is necessary to punish plaintiff and her counsel for repeatedly filing frivolous and abusive litigation against the government. Under the first factor, it is clear that merely dismissing plaintiff's prior lawsuits has not prevented future litigation abuse. After her case was twice dismissed by the Western District of Oklahoma, she simply refiled the same case, with minor changes, in this Court. This suggests that something more than dismissal is required to deter plaintiff from engaging in future litigation abuse. Concerning the second factor, punishing present litigation abuse, there is no doubt that plaintiff has filed a frivolous lawsuit and that she was aware of the jurisdictional defects with her case. However, there is no indication that plaintiff engaged in abusive discovery or otherwise harassed defendant after this case was filed. Under the third factor, the victim of litigation abuse is the government and this mitigates against imposing a significant monetary sanction. While the government should be protected from abusive litigation, the government does not accrue attorney fees in the same way as an ordinary civil litigant. This does not mean that a monetary sanction of some type may not be appropriate, but it suggests that the government's request for costs and attorney fees for its entire defense may be excessive. The final factor, streamlining court dockets and facilitating case management, has little or no applicability, because the Court has determined that this case should be dismissed regardless of its ruling on the government's motion for sanctions.

The Court will not dismiss plaintiff's case with prejudice because, if the Court did so, it would be using Rule 11 to impose a sanction which applicable Tenth Circuit precedent prevents. Plaintiff's case has been dismissed for lack of subject matter jurisdiction, and such dismissals should always be without prejudice. However, the government's request for filing restrictions is well taken, because plaintiff's counsel's repeated filing of frivolous litigation against the United States in this Court and the Western District of Oklahoma shows that he has filed abusive litigation the past and

is likely to do so in the future. As noted above, the Court is aware that plaintiff's claim should not be dismissed with prejudice, and an absolute prohibition on refiling any case based on the factual or legal claims alleged in this case would have the effect of a dismissal with prejudice. In lieu of a traditional filing restriction, the Court will require Janice D. Green, as guardian of Gladys I. Green, and her attorney, Robert G. Green, to notify any court of this Opinion and Order if a lawsuit related to Estate taxes is filed or attempted to be filed.

In terms of an award of attorney fees, the Court must consider additional factors identified by the Tenth Circuit in White before it may impose attorney fees. These factors include the reasonableness of the requested attorney fee, the minimum sanction that would deter future misconduct, plaintiff's ability to pay, and other factors such as "the offending party's history, experience, and ability, the severity of the violation, [and] the risk of chilling the type of litigation involved." White, 908 F.2d at 684-686. The Court finds that the record is insufficient to make the required findings, and it would be inappropriate to award attorney fees at this time. Defendant has presented no evidence addressing any of the White factors, and the Court would be speculating if it found that defendant were entitled to attorney fees. In addition, the Court declines to impose a punitive monetary sanction against plaintiff's counsel. A limited filing restriction should be sufficient to deter plaintiff's counsel from future misconduct, but plaintiff's counsel is advised that any attempt to refile a similar lawsuit in this Court may result in a monetary sanction.

**IT IS THEREFORE ORDERED** that United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. # 15) is **granted**, and its motion for summary judgment (Dkt. # 18) is **moot**. Plaintiff's complaint is **dismissed without prejudice**, and a separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that the United States' Motion for Sanctions and Memorandum of Law in Support (Dkt. # 19) is **granted**. Should Janice D. Green, as guardian of Gladys I. Green, or her attorney, Robert G. Green, file or attempt to file in any jurisdiction a lawsuit based on the factual or legal claims alleged in this lawsuit, they must notify that court of this Opinion and Order.

**DATED** this 22nd day of February, 2008.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT